IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael R. Batchelor, | ) | Case No. 8:12-1471-MGL-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| State of South Carolina; Warden, | ) | |
| Broad River Correctional Institution,[1] | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 18.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28

U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule

73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for

relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on  June 1, 2012.[2]  [Doc. 1.]

On August 29, 2012, Respondent filed a motion for summary judgment and a return and

memorandum.  [Docs. 18, 19.]  On August 30, 2012, the Court filed an Order pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary

judgment procedure and of the possible consequences if he failed to adequately respond

---

[1]Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondent State of South Carolina was terminated as a party on June 7, 2012, as directed by the Court's Order authorizing service of process.  [Doc. 8.]  Accordingly, throughout this Report and Recommendation the Court refers to Respondent Warden, Broad River Correctional Institution as "Respondent."

[2]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on June 1, 2012.  [Doc. 1-3 (envelope stamped as received by prison mailroom on June 1, 2012).]

to the motion.  [Doc. 20.]  Petitioner filed a response in opposition on September 6, 2012.
[Doc. 23.]

Having carefully considered the parties' submissions and the record in this case, the
Court recommends Respondent's motion for summary judgment be granted and the
Petition be denied.

## BACKGROUND

Petitioner is incarcerated in the Broad River Correctional Institution of the South
Carolina Department of Corrections ("SCDC") pursuant to orders of commitment from the
Clerk of Court for Aiken County.  [Doc. 1 at 1.]  As summarized by the South Carolina
Supreme Court on direct appeal, the facts underlying his convictions show that, on July 11,
2002, Petitioner's three sons and their three friends were invited to Petitioner's house,
where Petitioner supplied them with alcohol.  [Doc. 19-11 at 2.]  At some point in the
afternoon, Petitioner and the boys left the house in Petitioner's pick-up truck to buy more
alcohol and look for some marijuana.  [*Id.*]  Petitioner, after veering off the side of the road,
decided he was too drunk to drive and insisted that his fifteen-year-old son drive.  [*Id.*]  The
son, who had also been drinking, swerved off the side of the road and over-corrected,
causing the truck to swerve into the oncoming lane and collide head-on with another
vehicle.  [*Id.*]  Petitioner's three sons all died as a result of the accident and their three
friends were injured.  [*Id.*]  The driver of the other car escaped with minor injuries.  [*Id.*]

In October 2004, Petitioner was indicted for two counts of causing death by
operating a vehicle while under the influence of drugs or alcohol ("felony DUI causing
death"), two counts of causing great bodily injury by operating a vehicle while under the

2

influence of drugs or alcohol ("felony DUI causing great bodily injury"), traffic-related involuntary manslaughter, two counts of contributing to the delinquency of a minor, and three counts of unlawful conduct towards a child. [App. 707–26.[3]] Petitioner, represented by James Whittle, Jr. ("Whittle"), proceeded to trial before a jury on the charges on April 18, 2005. [App. 82–610.] The jury found Petitioner guilty as indicted, and Petitioner received the following sentences: 25 years imprisonment and a $25,100 fine on each conviction of felony DUI causing death; 15 years and a $10,100 fine on each conviction of felony DUI causing great bodily injury; 5 years for involuntary manslaughter; 3 years and a $3,000 fine on each conviction of contributing to the delinquency of a minor; and 10 years and a $10,000 fine on each conviction of unlawful conduct towards a child. [App. 606–08.] Each sentence was to run concurrently, except for one sentence for felony DUI causing great bodily injury, which was to run consecutively to one sentence for felony DUI causing death. [*Id.*]

**Direct Appeal**

Represented by Robert M. Dudek of the South Carolina Office of Appellate Defense, Petitioner appealed to the South Carolina Court of Appeals and raised the following issues:

1. Whether the court erred by refusing to quash the felony DUI indictments where it was undisputed the solicitor had the grand jury indict appellant on four counts of felony DUI alleging he was the driver of the automobile where the solicitor knew appellant was not the driver, because automobile cases are unique, and the indictment was therefore defective, and appellant made the proper pre-trial motions for indictment defects relief following State v. Gentry?

---

[3]The Appendix is located at Docket Entry Numbers 19-1 through 19-6.

2.      Whether the court erred by refusing to direct a verdict where the felony DUI indictments alleged appellant was the driver of the automobile, and it was undisputed there was no direct or substantial circumstantial evidence that appellant was the driver of the automobile as alleged in the felony DUI indictments, and appellant was consequently entitled to a directed verdict on those four felony DUI counts?

[Doc. 19-7 at 4.]  On June 20, 2007, the Supreme Court of South Carolina certified the case for review.  [Doc. 19-10.]  The court heard oral argument on the issues on January 22, 2008 and affirmed the convictions by opinion filed on March 10, 2008.  [Doc. 19-11.] Petitioner filed a petition for rehearing on March 25, 2008, arguing the State should not be allowed to indict Petitioner as the driver of the automobile where it was undisputed he was not the driver and that the State was actually proceeding on a theory of aiding and abetting the driver.  [Doc. 19-12 at 2.]  Petitioner argued the court's opinion did an injustice to what appellate and trial counsel argued in the case.  [*Id.* at 3.]

On April 21, 2008, the Supreme Court withdrew its March 10, 2008 opinion and issued a new opinion, holding the State may present an indictment charging a defendant as a principal based on information of aiding and abetting the crime charged and that there was no evidence the grand jury process was compromised in any way.  [Doc. 19-13 at 2, 4.]  By separate order issued the same day, the court denied the petition for rehearing. [Doc. 19-14.]  Remittitur was issued on May 7, 2008.  [Doc. 19-15.]

**PCR Proceedings**

On March 26, 2008, Petitioner filed a pro se application for post-conviction relief ("PCR") in which he alleged counsel was ineffective for the following reasons, restated substantially verbatim:

4

#1    Did Not present a Defense

#2    Did Not adequately or wholly argue the Four Felony D.U.I. offenses. Specifically failed to argue the allegations of being under the influence of alcohol. Although the State did Not offer or admit[] any evidence supporting its allegations they should have been forced to prove all the elements and allegations beyond a reasonable doubt;

#3    Did Not adequately or wholly argue the three Unlawful Conduct towards a child, the two Contributing to the Delinquency of a minor offenses where there were marijuana allegations in each of those Indictments that were not supported by any factual conclusions

#4    Did Not adequately or wholly argue the Involuntary Manslaughter offence where it alleges that I recklessly and Negligently disregarded the safety of my son [name redacted] but doesn't specify as to how

#5    All of the above mentioned offences and Indictments are Insufficient and should have been throw[n] out or Dismissed

#6    Failed to allow me to testify to the truth

#7    Failed to Call Witnesses

#8    Failed to Request Certain Jury Instructions

#9    Failed to obtain Grand Jury Information from the State

#10    Did Not adequately Examine or question State[']s witnesses.

#11    Did Not allow my family and friends to speak before Sentencing.

[App. 614–26; *see* App. 687–88 (PCR court's summary of Petitioner's allegations).]

On February 11, 2009, represented by counsel Thomas F. Allgood, Jr. ("Allgood"),

Petitioner filed an amendment to the application, alleging the following:

5

The trial court failed to instruct the jury that it was first required to determine the identity of the driver of the subject motor vehicle and the identity of any aider and abetter, if the two were different. The elements of each offense are different. The trial court's jury instructions failed to make a proper distinction between a driver and an alleged accomplice. The instruction failed to require by special verdict form that the jury specifically identify the driver, and, if the required proof were present, find that the Applicant was an accomplice. It is undisputed that the Applicant was not the driver of the vehicle. Defense counsel did not argue at trial, and Appellate Counsel did not argue that accomplice liability would not apply under the right circumstances.

[App. 627–29.] An evidentiary hearing was held on January 27, 2010.[4] [App. 636–83.] On April 23, 2000, the PCR court issued an order denying and dismissing the application with prejudice.[5] [App. 684–96.]

On April 15, 2010, Petitioner filed a motion to alter or amend pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, arguing the PCR court's order was contrary to law, did not properly recite Petitioner's contentions or the applicable facts, failed to assign responsibility for Petitioner's contention that the indictments were improperly drafted, and improperly dismissed Petitioner's petition. [App. 697.] The PCR court denied the motion on August 9, 2010. [App. 704–06.] The court noted Petitioner failed to identify the following: any portions of the order he alleged to be "defective," which contentions were recited incorrectly, the legal and factual findings that were erroneous, or in what specific

---

[4]At the hearing, Allgood advised that he would focus primarily on the issue presented in the amendment. [App. 641.]

[5]The PCR court noted Petitioner elected to proceed "only on the ground that trial counsel was ineffective for failing to request a jury instruction consistent with State v. Leonard, 292 S.C. 133, 355 S.E.2d 270 (1987)." [App. 688.] The PCR court summarized Petitioner's argument as follows: trial counsel's failure to request a jury instruction and special verdict form at trial requiring the jury to specifically identify the driver of the vehicle and any aider or abetter constituted ineffective assistance of counsel. [App. 689.] The court found the allegation to be without merit. [Id.]

6

manner the order was in need of amendment or alteration with sufficient particularity to obtain a ruling and to comply with Rule 7(b)(1) of the South Carolina Rules of Civil Procedure.  [App. 705.]

Petitioner, represented by Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari in the South Carolina Supreme Court on March 9, 2011, raising the following issue:

> Did trial counsel render ineffective assistance of counsel when he did not request the trial judge submit a special verdict form, pursuant to *State v. Leonard*, which would have required the jury determine who was the driver of the vehicle prior to rendering its verdict, and when petitioner was indicted as a principal even though it was uncontested that petitioner was not driving the vehicle?

[Doc. 19-16 at 3 (emphasis and footnote omitted).]  The Supreme Court denied the petition on April 18, 2012 [Doc. 19-18] and issued remittitur on May 21, 2012 [Doc. 19-19].

**Habeas Petition**

Petitioner filed this Petition for writ of habeas corpus on June 1, 2012 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim:

**Ground One**: Ineffective assistance of Trial and appellate Counsel Improperly drafted Indictments.

*Supporting Facts*: In violation of my right to Due Process and equal protection of the laws as guaranteed by the Eig[h]th and Fourteenth amendment to the U.S. Constitution.  The Indictments allege that I was Driving While under the influence of alcohol and or drugs.  There was never any credible or relevant evidence offered to support any of the allegations on the face of the Indictments.  The actual Driver was never Indicted or tried for this offense, nor was there evidence offered to support the allegation that the Driver was sufficiently under the Influence of

alcohol/drugs.  Therefore, trial counsel and appellate counsel failed to adequately and wholly argue the case.

**Ground Two**:      Ineffective assistance of Trial and appellate Counsel. Erroneous Jury Instructions.

*Supporting facts*:      In violation of my right to Due Process and equal protection of the laws as guaranteed by the Fifth and Fourteenth amendment to the U.S. Constitution.  The Driver[']s B.A.C. was admitted into evidence without a determination that it was credible and relevant and without objection.  The instruction failed to require the Jury and the Jury failed to determine whether the Driver was actually Driving while under the influence of alcohol/drugs as a necessary element of any aider and abetter[']s guilt. Instructions should explain that elements are different for Drivers and passengers — and must be determined by bifurcated Verdict.

[Doc. 1 at 5–7.]  Petitioner indicates these issues were not raised on appeal because "appellate counsel made it clear that the issues to be argued was his alone and failed to make an adequate argument."  [*Id.* at 5, 7.]

As stated, on August 29, 2012, Respondent filed a motion for summary judgment. [Doc. 18.]  On September 6, 2012, Petitioner filed a response in opposition.  [Doc. 23.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less

stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

    ***Generally***

    Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (I) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6] Further, strict time deadlines govern direct appeal and the filing

---

[6] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173  (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in criminal and post-conviction cases as *outside* South Carolina's standard review process.  In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

---

at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims

> together, as quickly after trial as the docket will allow, and while
> the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Murray*, 477 U.S. at 496.

### DISCUSSION

**Procedurally Defaulted Grounds**

Procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  It is a petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent argues Ground One is procedurally defaulted and Ground Two is procedurally defaulted with respect to Petitioner's claims regarding appellate counsel:

> Ground One is procedurally defaulted.  Petitioner failed to present to the PCR judge, obtain a ruling, and raise on appeal an issue alleging ineffective assistance of trial and appellate counsel in regard to the language used in the indictments.  Ground Two as to appellate counsel is similarly defaulted.  Petitioner did not raise in his PCR action, and obtain a ruling to raise on appeal, an ineffective assistance of appellate counsel issue in regard to challenging the lack of a special verdict.

[Doc. 19 at 12.]  The Court agrees with Respondent.

### *Ground One*

In Ground One, Petitioner alleges he is entitled to federal habeas relief because his trial and appellate counsel rendered ineffective assistance by failing to adequately argue his indictments were improperly drafted.  [Doc. 1 at 5.]  Insomuch that Ground One raises an ineffective assistance of counsel claim with respect to trial counsel, Petitioner failed to raise this issue to the South Carolina Supreme Court when he sought review of the denial

of his PCR application.[7]  [*See* Doc. 19-16.]  Insomuch that Ground One raises an ineffective assistance of counsel claim with respect to appellate counsel, Petitioner failed to raise that claim with the PCR court and the South Carolina Supreme Court.  Because these claims were not fairly presented to the highest state court, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.  *See Coleman*, 501 U.S. 722; *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Ground Two

In Ground Two, Petitioner contends he is entitled to federal habeas relief because his trial and appellate counsel rendered ineffective assistance by failing to seek proper jury instructions and a "bifurcated verdict."[8]  [*See* Doc. 1 at 6–7.]  Insomuch that Ground Two raises an ineffective assistance of counsel claim with respect to appellate counsel, Petitioner failed to raise that claim with the PCR court and the South Carolina Supreme Court.  Because this claim was not fairly presented to the highest state court, it is procedurally barred from federal habeas review absent a showing of cause and actual prejudice.  *See Coleman*, 501 U.S. 722; *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

---

[7]Petitioner arguably raised this issue to the PCR court [App. 616, 625 (Petitioner's original application); *but see* App. 641 (stating at the hearing on the application that Petitioner would focus primarily on the issue raised in the amended application), 688 (finding Petitioner had elected to proceed on only the issue raised in the amended application)], and the PCR court's order denying Petitioner's application discusses trial counsel's actions with respect to the indictments [App. 691].  However, the PCR court did not issue a finding specifically on this issue [App. 684–96] and denied Petitioner's motion to alter or amend its order [App. 704–06].  In any event, Petitioner did not raise this issue in his petition for writ of certiorari to the South Carolina Supreme Court [*see* Doc. 19-16]; therefore, Ground One as it relates to trial counsel is barred from this Court's review, absent a showing of cause and prejudice.

[8]Liberally construing Petitioner's claims, the Court concludes Petitioner claims his is entitled to federal habeas relief because counsel rendered ineffective assistance by failing to request a special verdict form pursuant to *State v. Leonard*, which is the claim that, with respect to trial counsel, he raised in his petition for writ of certiorari to the South Carolina Supreme Court.

**Cause and Prejudice**

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Here, Petitioner has failed to articulate cause for defaulting Ground One and Ground Two, to the extent Ground Two raises an ineffective assistance of appellate counsel claim. Rather, in response to Respondent's motion for summary judgment, Petitioner merely regurgitates his arguments that the trial judge erred by not having the jury determine who was the driver of the vehicle and contends the elements of proof differ for a conviction as the principal as opposed to an aider and abetter.[9] [Doc. 23.] Petitioner filed a PCR application and, subsequently, a petition for writ of certiorari in which these issues could have been raised but were not, even though another issue was properly raised. Thus, Petitioner has failed to demonstrate sufficient cause for failing to properly raise these grounds to the PCR court and the South Carolina Supreme Court.

**Merits of Remaining Claim**

Respondent argues Petitioner is not entitled to federal habeas relief on his remaining claim—ineffective assistance of trial counsel with respect to the jury instructions and lack of a "bifurcated verdict"—because "Petitioner cannot show an unreasonable application of

---

[9]As stated, Petitioner notes in the Petition that his grounds for relief were not raised on appeal because "appellate counsel made it clear that the issues to be argued was his alone and failed to make an adequate argument." [*Id.* at 5, 7.] However, to avoid the application of the procedural bar, Petitioner was required to raise the claims of Grounds One and Two to the PCR court and then the South Carolina Supreme Court. Asserting a claim of ineffective assistance of appellate counsel for the first time in a petition for federal habeas relief is insufficient. Further, alleging errors as to the direct appeal fails to identify cause for failing to raise claims on collateral review. Therefore, the Court concludes Petitioner has failed to demonstrate cause for defaulting Ground One and part of Ground Two.

federal law, or an unreasonable determination of facts." [Doc. 19 at 13.] Petitioner

contends the case law required the jury to distinguish between who was the principal—that

is, the driver—and who was the aider and abetter, and this specific finding of fact could

have been accomplished through a special verdict form. [Doc. 23 at 1–2.] Petitioner argues

the distinction is important because, as the South Carolina Supreme Court noted in his

direct appeal, "there is a significant difference between the principal first driver and the

principal second passenger," requiring proof of certain elements beyond a reasonable doubt

before the jury can determine guilt and liability. [*Id.* at 3.]

Under the AEDPA, a federal court may not grant habeas relief unless the underlying

state court decision was contrary to or an unreasonable application of federal law, as

determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an

unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme

Court has held the "contrary to" and "unreasonable application of" clauses present two

different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth

Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses

independent meaning."). The Court stated there are two instances when a state court

decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly
> established precedent if the state court applies a rule that
> contradicts the governing law set forth in our cases. . . . A
> state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts
> that are materially indistinguishable from a decision of this
> Court and nevertheless arrives at a result different from our
> precedent.

21

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir.2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir.2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[10]  *Richter*, 131 S. Ct. at 785.  " A

---

[10] In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. at 687.  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of

state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision may constitute an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court held an evidentiary hearing and outlined a factual basis for declining to find Whittle's representation fell below the *Strickland* and applicable state law standards. [App. 636–83 (evidentiary hearing), App. 684–96 (PCR court's findings of fact and conclusions of law).] The PCR court made the following findings as to the specific claim now under consideration:

> This Court finds that trial counsel was aware of <u>State v Leonard</u> and used it and related authority in support of his motion to quash the felony D[U]I indictments. Counsel was also aware of the ability to request a special verdict form and jury charge consistent with the theory advanced in <u>Leonard</u> and that the Applicant now claims counsel should have requested. However, the jury instruction and special verdict form were not requested as a matter of trial strategy, based upon counsel's extensive criminal law experience, his thorough investigation of

---

the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

the facts, knowledge of applicable law, conferences with the Applicant, desire to preserve a strong issue for appellate review and conclusion that the jury charge and verdict form would not alter the outcome of the case to the Applicant's benefit. Counsel had little to no factual defense to the charges and could only argue as a matter of defense at trial what counsel considered to be the technical error in the felony DUI indictments charging the Applicant with being the driver of the vehicle. It was counsel's opinion that the technical error in the felony DUI indictments was the one strong issue in the Applicant's favor for reversal on appeal. Counsel was concerned that if he requested the jury charge and special verdict form the Applicant now states should have been requested, any error respecting the propriety of the felony DUI indictments might have been cured and the opportunity for reversal on appeal might have been rendered moot.

Counsel and the Applicant fully discussed the factual issues, the legal principles of Leonard, and possibility of rendering the one strong appellate argument moot if the special verdict form and jury charge were requested. After full consultation, counsel and the Applicant made a strategic decision not to make the jury charge and special verdict form request. This decision was made also after full discussion with the Applicant that the appeal might not ultimately be successful. This Court finds the decision was based upon a reasonable, valid trial strategy and that the Applicant failed to establish that counsel's performance in this regard was deficient.

[App. 692–93.]

Upon review, the Court determines the PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable United States Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different

24

from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision and demonstrates the PCR court's decision was not an unreasonable application of *Strickland*.  Before the jury was drawn and sworn, Whittle moved to quash the four felony DUI indictments for insufficiency because, although the indictments stated Petitioner was the driver, the State knew that Petitioner was not the driver and that the State intended to proceed on only a theory of accomplice liability.  [App. 58–74.]  Whittle relied on *State v. Leonard*, 355 S.E.2d 270 (S.C. 1987), in attempting to establish the State must make the distinction in the indictment if the State knows who was the driver and who was a passenger.  [*See, e.g.*, App. 64–65.] Therefore, Whittle was clearly aware of *Leonard* prior to trial and prior to the jury receiving their instructions on the law.

Moreover, Whittle testified at the PCR hearing that the decision to not request a special verdict form asking the jury to delineate between principal and accomplice was a matter of trial strategy to preserve the indictment issue for appellate review.  [App. 652–54, 665–66, 671–72.]  Whittle further testified the decision to not request a special jury verdict form was reached with Petitioner after Petitioner was fully informed regarding the various options and possible outcomes.  [App. 671–72.]  Thus, nothing in the record before the Court indicates the PCR court unreasonably concluded Petitioner had failed to establish either prong of the *Strickland* test.  Therefore, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 5, 2012
Greenville, South Carolina